UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
In re:                                                                                    Chapter 11

SPL PARTNERS LLC,                                                         Case No. 21-42248 (ESS)

                                  Reorganized Debtor.
---------------------------------------------------------------------------x
SIGNATURE LIEN ACQUISITIONS III LLC,                         Adv. Pro. No.
                                                                                      23-01078 (ESS)

                                  Plaintiff,

                        -against-                                           **NOTICE OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS PPS 9201 LLC d/b/a PARK PRO AND ERIC S. BROWN**

JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES, INC., PPS 9201 LLC d/b/a PARK PRO, ERIC S. BROWN, HOME LIFE SERVICES, INC., RIDGE ABSTRACT CORP., GARY KAUGET P.C., PIZZERIA UNO OF BAY RIDGE AVENUE INC., URC, LLC, NY DEEP LLC and AP BALT MANAGEMENT LLC,

                                  Defendants.
---------------------------------------------------------------------------x

       **PLEASE TAKE NOTICE** that upon the supporting Declaration of Tim Ziss, dated August 7, 2024, together with Plaintiff's accompanying Memorandum of Law, and all prior proceedings heretofore had herein, the undersigned will move this Court on August 30, 2024 for an Order pursuant to Federal Rule of Civil Procedure 56, made applicable here by Federal Rule of Bankruptcy Procedure 7056, granting summary judgment against defendants PPS 9201 LLC d/b/a Park Pro and Eric S. Brown terminating the Garage Lease and granting a monetary award for unpaid rent in the total sum of $1,025,156.90 as of July 31, 2024.

**PLEASE TAKE FURTHER NOTICE** that answering papers to the Motion shall be filed on August 23, 2024 with service upon the undersigned counsel.

Dated: New York, New York
August 7, 2024

        **GOLDBERG WEPRIN FINKEL**
        **GOLDSTEIN LLP**

        By:    */s/ Kevin J. Nash, Esq.*
                Kevin J. Nash, Esq.
                125 Park Ave, 12th Floor
                New York, New York 10017
                Telephone: (212) 221-5700
                knash@gwfglaw.com

                *Counsel for Plaintiff*
                *Signature Lien Acquisitions III LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
In re:                                                                    Chapter 11

SPL PARTNERS LLC,                                                         Case No. 21-42248 (ESS)

                         Reorganized Debtor.
---------------------------------------------------------------------------x
SIGNATURE LIEN ACQUISITIONS III LLC,                                      Adv. Pro. No.
                                                                             23-01078 (ESS)

                         Plaintiff,

        -against-

JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES, INC., PPS 9201 LLC d/b/a PARK PRO, ERIC S. BROWN, HOME LIFE SERVICES, INC., RIDGE ABSTRACT CORP., GARY KAUGET P.C., PIZZERIA UNO OF BAY RIDGE AVENUE INC., URC, LLC, NY DEEP LLC and AP BALT MANAGEMENT LLC,

                         Defendants.
---------------------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST THE GARAGE DEFENDANTS FOR TERMINATION OF THE LEASE AND UNPAID RENT OBLIGATIONS**


                                                 **GOLDBERG WEPRIN**
                                                 **FINKEL GOLDSTEIN LLP**

                                                     */s/ Kevin J. Nash*
                                           By:    Kevin J. Nash, Esq.
                                           125 Park Avenue – 12th Floor
                                           New York, New York 10017
                                           (212) 221-5700
                                           knash@gwfglaw.com

                                           *Attorneys for Plaintiff*
                                           *Signature Lien Acquisitions III LLC*

The Plaintiff herein, Signature Lien Acquisitions III LLC (the "Plaintiff") as the plan funder and the purchaser of the Debtor's real property located at 9201 4th Avenue, Brooklyn, New York (the "Property"), hereby submits this Memorandum of Law in support of its motion pursuant to Federal Rule of Civil Procedure 56, made applicable here by Federal Rule of Bankruptcy Procedure 7056, seeking summary judgment against defendants, PPS 9201 LLC d/b/a Park Pro ("Garage Tenant") and Eric S. Brown ("Guarantor") (collectively, the "Garage Defendants"), terminating the Garage Lease and granting a monetary award for unpaid rent in the total sum of $1,025,156.90 as of July 31, 2024. For the reasons set forth below, the motion should be granted.

**Preliminary Statement**

This case concerns an egregious and continuing defiance of virtually all lease obligations by the Garage Defendants which have been woefully delinquent in the payment of rent virtually since the start of their tenancy in 2021. To this day, the Garage Tenant remains in possession of the parking garage premises while thumbing its nose at all efforts to collect unpaid rent. The underlying Garage Lease by its express terms precludes the Garage Defendants from raising any defense to the payment of rent. Thus, there is no possible factual or legal issue that can be raised to defeat summary judgment terminating the Garage Lease and awarding money damages to Plaintiff in the total sum of $1,025,156.90 as of July 31, 2024.

**Relevant Factual Background**

A complete factual narrative relating to the delinquencies and the status of the Garage Tenant is set forth in the supporting Affidavit of Tim Ziss and the accompanying Statement of Undisputed Facts. For purposes of continuity, certain core facts are repeated below.

Plaintiff acquired the Property pursuant to the terms of the Debtor's confirmed plan of reorganization (ECF No. 164) (the "Plan") after the Debtor was unable to refinance Plaintiff's secured debt. Under the Plan, the Property was transferred to the Plaintiff which funded distributions to creditors. As part of the transfer, the Plaintiff also received an assignment of all accrued and outstanding rent obligations owed by the current and former tenants at the Property. Acting under its rights pursuant to the Plan and consistent with the Bankruptcy Court's retention of post confirmation jurisdiction, Plaintiff initiated this adversary proceeding against various non-paying tenants, including the Garage Tenant which signed a lease, dated May 24, 2021, covering the garage operations at the Property (the "Garage Lease"). At this juncture, all unpaid rent claims concerning the Property involving other tenants have been resolved, except for Plaintiff's remaining claims against the Garage Tenant and its guarantor Eric S. Brown[1].

Under the terms of the Garage Lease, the Garage Tenant is obligated to pay the following fixed base rent:

| Year | Rent Per Annum | Rent Per Month |
|---|---|---|
| July 1, 2021 – June 30, 2022 | $300,000.00 | $25,000.00 |
| July 1, 2022 – June 30, 2023 | $307,500.00 | $25,625.00 |
| July 1, 2023 – June 30, 2024 | $315,187.50 | $26,265.63 |
| July 1, 2024 – June 30, 2025 | $323,067.18 | $26,922.27 |

---

[1] Mr. Brown personally guaranteed the Garage Lease pursuant to a separate agreement, dated May 27, 2021 (the "Guaranty"). Under this guaranty, Mr. Brown guaranteed Tenant's performance of all obligations under the Lease, including, but not limited to, payment of base rent, payment of additional rent, and reasonable attorneys' fees incurred in enforcing the terms of the Garage Lease. The Guaranty is supported by fair consideration by virtue of Mr. Brown's ownership of the Garage Tenant and operation of a parking garage at the Property.

To date, no rent has been paid by the Garage Defendants at all, except for two minimal payments made on or about July 1, 2021 and August 1, 2021 in the total sum of $50,000. As a result of perpetual delinquencies, substantial arrears have accrued over the last three (3) years. There is a total balance of at least $1,025,156.90 due and owing through July 31, 2024, as itemized in the Ziss Affirmation.

Section 2.2. of the Garage Lease is directly relevant to this motion because it precludes the Garage Defendants from asserting any defenses or counterclaim to the payment of rent. To this effect, Section 2.2. of the Garage Lease requires the Garage Tenant to pay all rent obligations as they become due and owing <u>without</u> counterclaim, defense, offset or deduction whatsoever. Specifically, Section 2.2 states:

> "Section 2.2    **Payment of Rent.**  Tenant shall pay to Landlord, without notice or demand, and without any set-off, counterclaim, abatement or deduction whatsoever, except as otherwise expressly provided otherwise in this Lease or by way of Court Order, in lawful money of the United States…to Landlord at the address set forth on the first page of this Lease, or at such other place as Landlord shall from time to time designate in writing: (i) Fixed Rent in equal monthly installments, in advance, on the first day of each calendar month during the Term, commencing on the Rent Commencement Date, and (ii) Additional Rent, at the times and in the manner set forth in this Lease. Notwithstanding the foregoing, Tenant shall pay the first month of Fixed Rent due representing July, 2021 Fixed Rent and the Security Deposit upon Tenant's execution and delivery of this Lease".

In addition to a money judgment for accrued rent arrears, Plaintiff is also seeking a termination of the Garage Lease based upon the provisions of Section 19.1 of the Garage Lease whereby the non-payment of rent is grounds for termination and the turn-over of possession to the Plaintiff.

## POINT I

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST GARAGE DEFENDANTS FOR UNPAID RENT OBLIGATIONS AND <u>TERMINATION OF THE LEASE</u>

**A.     Plaintiff Has Met its Burden to Obtain Summary Judgment**

The legal standards for summary judgment are well-established. Summary judgment shall be granted if, with respect to a claim or defense, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 [1986].

Plaintiff has established its prima facie case for breach of the Garage Lease. The elements of this claim are (i) existence of a valid, binding lease; (ii) landlord's performance thereunder; (iii) tenant's failure to pay rent; and (iv) damages suffered as a result of the breach. See *Thor Gallery at S. Dekalb, LLC v. Reliance Mediaworks [USA] Inc*., 143 AD 3d 498, 498 [1st Dept 2016] (granting summary judgment based upon landlord establishing the existence of the lease, the tenant's failure to pay the rent, and the calculation of the amounts due under the lease).

Once the Plaintiff, as movant, carries its initial burden of demonstrating the absence of a genuine factual issue, then the Garage Defendants, as non-movants, must proffer admissible evidence demonstrating the existence of a genuine dispute as to material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, supra*, 477 U.S. at 249. However, the mere existence of some alleged metaphysical doubt will not defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 [1986].

The Garage Defendants cannot possibly raise a genuine issue of fact since the Garage Lease contains express exculpatory provisions precluding any defense to the payment of rent. See *Blue Water Realty, LLC v. Salon Mgt. of Great Neck, Corp.*, 189 AD 3d 496, 497 [1st Dept 2020] (where

the First Department remanded the mater back to the trial court for calculation of the amount of rent due and upheld language in a lease expressly stating that rent payments must be made even if the landlord is in breach).

The existence and validity of the Garage Lease are not in dispute here. Neither is the fact that the Garage Defendant have remained in possession of the parking garage since 2021. Despite the travails of the ensuing bankruptcy, the Garage Defendants are contractually bound to pay all rent required under the Garage Lease. The evidence establishes that except for the two minimal payments, the Garage Defendants failed to pay (i) Base Rent from on or about August 1, 2021 totaling $899,609.83 as of July 31, 2024; and (ii) Additional Rent totaling $125,547.07 as of July 31, 2024 consisting of (a) $93,196.07 in late charges and (b) $32,351.00 in real estate taxes for a grant total of $1,025,156.90 through July 31, 2024.

In view of the delinquencies, the Garage Defendants are liable to Plaintiff for all of these amounts and the Garage Lease should be terminated with an award of money damages. *Steuben Tr. Corp. v. Genesee Metal Prod., Inc.,* 62 AD 3d 1677, 1677-78 [4th Dept 2009] (granting landlord's motion for summary judgment where the lease provided that tenant was to pay monthly rent without any abatement, deduction, or setoff).

### B. Garage Defendants Waived Defenses

The exculpatory waiver provisions quoted above in Section 2.2 preclude the Garage Defendants from raising any set-off, defense or counterclaim to the payment of rent. Section 2.2 is clear on its face and should be enforced consistent with applicable state law. See *W.W.W. Assoc. v. Giancontieri*, 77 N.Y.2d 157, 162 [N.Y. Ct. of Appeals, 1990] ("applying the principle that clear complete writings should be enforced according to their terms"); *Wells Fargo Bank Minnesota v. CD Video, Inc.*, 6 Misc. 3d 1003(A) [N.Y. Sup. Ct. 2004] ("[u]nder New York law, the plain

meaning of a Lessee's "absolute and unconditional" promise to make rental payments must be given full force and effect as a matter of law"); *In re O.P.M. Leasing Servs., Inc.*, 21 B.R. 993, 1005 [Bankr. S.D.N.Y. 1982] ("the plain meaning of [plaintiff's] absolutely unconditional promise to make rental payments to [debtor] must be given full force and effect as a matter of law").

"To deny this clause its full force and effect would effectively reconstruct the contract contrary to the intent of the parties, which reconstruction would be impermissible" *In re OPM Leasing Services, Inc. v. Hassett*, supra at 1006. If the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity. *Teichman v. Community Hosp. of W. Suffolk*, 87 N.Y.2d 514, 520 [N.Y. Ct. of Appeals, 1996].

### C.    All of Garage Defendants' Affirmative Defenses Are Legally Insufficient

While Section 2.2 precludes all possible defenses to the payments of rent, even if it did not exist (which it does), the Garage Defendants still have not raised any viable defense to deny summary judgment.

It is well-settled that bare legal conclusions are insufficient to raise a cognizable affirmative defense and should be dismissed. *Anderson v. Liberty Lobby, supra*, 477 U.S. at 247-48. Here, Garage Defendants assert four boilerplate defenses which consist of bare conclusions offered with no factual support. In fact, the affirmative defenses border on being frivolous, as the Garage Defendants somehow contend that despite its failure to honor its rent obligations that Plaintiff is guilty of laches and unclean hands.  Manifestly, these types of defenses do not apply since the Plaintiff has been prejudiced in this matter, not vice versa. See *Saratoga Co, Chamber of Commerce v. Pataki*, 100 NY 2d 801, 816 [N.Y. Ct. of Appeals, 2013] ("[t]he mere lapse of time, without a showing of prejudice, will not sustain a defense of laches"). In the same breath it is

7

equally ludicrous to suggest that the Plaintiff, as a plan funder, can be guilty of immoral or unconscionable conduct merely because it seeks to collect unpaid rent. If anything, the doctrine of unclean hands lies at the feet of the Garage Defendants.

Moreover, it is equally absurd to suggest there has been an accord and satisfaction when the Garage Defendants have not paid rent for three (3) years' time although the Garage Defendants continue to occupy the Property. See *TIAA Global Invs., LLC v. One Astoria Square LLC*, 7 N.Y.S.3d 1, 11 [1st Dep't 2015] ("an accord and satisfaction will only be found where there is a 'clear manifestation of intent by the parties that the payment was made, and accepted, in full satisfaction of the claim'") citing *Rosenthal v. Quadriga Art, Inc*., 105 A.D.3d 507, 508 [1st Dept.2013].

## **Conclusion**

This Court should grant the summary judgment terminating the Lease, directing a turnover of possession, and entry of a money judgment in the sum of $1,025,156.90 as of July 31, 2024.

Dated: New York, New York
August 7, 2024

**GOLDBERG WEPRIN**
**FINKEL GOLDSTEIN LLP**
*Attorneys for Plaintiff*

*/s/ Kevin J. Nash*
By:    Kevin J. Nash, Esq.
125 Park Avenue – 12th Floor
New York, New York 10017
(212) 221-5700
knash@gwfglaw.com

8

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
In re:                                                                                    Chapter 11

SPL PARTNERS LLC,                                                         Case No. 21-42248 (ESS)

                                        Reorganized Debtor.
-------------------------------------------------------------------------x
SIGNATURE LIEN ACQUISITIONS III LLC,                       Adv. Pro. No.
                                                                              23-01078 (ESS)

                                        Plaintiff,

          -against-

JEWISH BOARD OF FAMILY AND CHILDREN'S
SERVICES, INC., PPS 9201 LLC d/b/a PARK PRO, ERIC
S. BROWN, HOME LIFE SERVICES, INC., RIDGE
ABSTRACT CORP., GARY KAUGET P.C., PIZZERIA
UNO OF BAY RIDGE AVENUE INC., URC, LLC, NY
DEEP LLC and AP BALT MANAGEMENT LLC,

                                        Defendants.
-------------------------------------------------------------------------x

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR TERMINATION OF THE GARAGE LEASE AND UNPAID RENT

        Tim Ziss hereby declares under penalties of perjury pursuant to 28 U.S.C. 1746, that the following statements are true and correct:

        1.      I am the sole member of the plaintiff herein, Signature Lien Acquisitions III LLC (the "Plaintiff"), formerly the secured creditor of the debtor herein, SPL Partners LLC (the "Debtor") and the acquirer (through an affiliate) of the Debtor's real property located at 9201 4th Avenue, Brooklyn, New York (the "Property") pursuant to the Debtor's Second Amended Chapter 11 Plan of Reorganization (the "Plan"). As such, I am fully familiar with the facts and circumstances set forth herein.

2. I submit this Declaration in support of the entry of Plaintiff's motion for summary judgment pursuant to Federal Rule 56, as made applicable herein by Bankruptcy Rule 7056, to terminate the Garage Lease and recover unpaid rent and additional rent against the defendants, PPS 9201 LLC d/b/a Park Pro, as tenant, ("Tenant") and Eric S. Brown, as guarantor, ("Guarantor") (collectively, the "Garage Defendants"), in the total sum of $1,025,156.90 as of July 31, 2024.

**Preliminary Statement**

3. The Garage Defendants are guilty of egregious violations of the underlying parking garage lease and have not paid a dime of rent since they opened in 2021 with few exceptions, to wit: (i) a base rent payment of $25,000 for July 2021; and (ii) a base rent payment of $25,000 for August 2021. A true and accurate copy of the Tenant's updated rent ledger is annexed hereto as Exhibit "A".

4. The Garage Defendants continue to operate the parking garage to this very day rent free: the free ride must end. Accordingly, Plaintiff hereby seeks an award of summary judgment terminating the Garage Lease, directing a turnover of the parking garage premises to Plaintiff and entry of a money judgment for all accrued and unpaid rent which now totals $1,025,156.90 as of July 31, 2024.

5. Plaintiff has given Garage Defendants every opportunity to negotiate a settlement of the arrears and a peaceful transition all to no avail. Thus, the old adage "enough is enough" should guide this Court on this motion.

**Background**

6. By way of brief background, the confirmed Plan provided for a toggle and a transfer of Property to the Plaintiff (after the Debtor was unable to refinance the secured debt). Plaintiff

funded various dividends to creditors under the Plan and received an assignment of all the Property's accrued and future rent claims in connection with the transfer of title to the Property.

7. Tenant and Guarantor continue to operate an indoor parking garage at the Property (the "Parking Garage") pursuant to the lease dated May 27, 2021 ("Garage Lease"), a copy of which is annexed hereto as Exhibit "B".

8. Guarantor entered into a separate agreement, dated May 27, 2021, guaranteeing Tenant's performance of all obligations under the Garage Lease, including, but not limited to, payment of base rent, payment of additional rent, and reasonable attorneys' fees incurred in enforcing the terms of the Garage Lease (the "Guaranty"). A true and accurate copy of the Guaranty is annexed hereto as Exhibit "C".

9. The Garage Lease requires Tenant to pay a monthly base rent of $25,000 for the first year (June 1, 2021 - June 30, 2022), with annual increases thereafter ("Base Rent"). Tenant is also required to pay real estate taxes, late charges, and other costs related to Tenant's failure to perform its obligations under the Garage Lease ("Additional Rent").

10. The Garage Lease provides for fixed Base Rent as follows:

| Lease Dates | Per Annum | Per Month |
| --- | --- | --- |
| July 1, 2021 – June 30, 2022 | $300,000.00 | $25,000.00 |
| July 1, 2022 – June 30, 2023 | $307,500.00 | $25,625.00 |
| July 1, 2023 – June 30, 2024 | $315,187.50 | $26,265.63 |
| July 1, 2024 – June 30, 2025 | $323,067.18 | $26,922.27 |

11. Tenant stopped paying rent for the parking garage altogether as of September 1, 2021 (almost three (3) years ago).

12. Defendants are woefully in default of the Garage Lease and remain indebted to Plaintiff in the sum of $899,609.83 for its Base Rent obligations through July 31, 2024. *See* Exhibit "A".

13. The Garage Lease requires Tenant to pay late charges equal to 10% of the overdue payment if they fail to pay any installment of Base Rent or Additional Rent within five (5) days of its due date and states in pertinent part:

> "any installment or other payment of Fixed Rent or Additional Rent within five (5) [days] after the date such payment becomes due" in the amount "equal to 10% of the amount of the overdue payment"

14. Under the Garage Lease, the late charges due and owing to Plaintiff as of July 31, 2024 are $93,196.07. *See* Exhibit "A".

15. Additionally, the Garage Lease requires Tenant to pay real estate taxes as Additional Rent which are likewise delinquent and total $32,351.00. *See* Exhibit "A".

16. All defenses to the payment of rent are precluded by Section 2.2 of the Garage Lease which states:

> "Section 2.2 **Payment of Rent.** Tenant shall pay to Landlord, without notice or demand, and *without any set-off, counterclaim, abatement or deduction whatsoever*, except as otherwise expressly provided otherwise in this Lease or by way of Court Order, in lawful money of the United States…to Landlord at the address set forth on the first page of this Lease, or at such other place as Landlord shall from time to time designate in writing: (i) Fixed Rent in equal monthly installments, in advance, on the first day of each calendar month during the Term, commencing on the Rent Commencement Date, and (ii) Additional Rent, at the times and in the manner set forth in this Lease. Notwithstanding the foregoing, Tenant shall pay the first month of Fixed Rent due representing July, 2021 Fixed Rent and the Security Deposit upon Tenant's execution and delivery of this Lease". *(emphasis added)*

17. By virtue of the foregoing, Plaintiff respectfully requests that this Court grant summary judgment terminating the Garage Lease, directing a turnover of possession, and awarding Plaintiff a monetary judgment in the total amount of $1,025,156.90.

                                                              */s/ Tim Ziss*
                                                                Tim Ziss